IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**In Re WORLD WIDE MEDICAL TECH.
LLC., et al., patent litigation
consolidated cases,**

                                                          **CASE NO. 4:11-cv-614/RS-CAS**

_____

**WORLD WIDE MEDICAL TECH.
LLC., et al.,**

       **Plaintiffs,**

vs.                                              **CASE NO. 4:12cv170/RS-CAS**

**ONCURA INC.,**

       **Defendants.**

_____/

## ORDER

Before me are Defendant Oncura, Inc.'s ("Oncura") Motion to Sever and Transfer Venue (Doc. 63) and Plaintiff's Response in Opposition (Doc. 68). I previously severed the eight defendants in this patent infringement case pursuant to 35 U.S.C.A § 299(b). For pretrial matters, the cases have been consolidated. (*See* Doc. 69).

Plaintiffs are three Connecticut corporations with their principal place of business also in Connecticut. (Doc. 39, ¶¶3-5). Defendant Oncura is a Delaware corporation with its principal place of business in Illinois. *Id.* at ¶ 10.

I.   **Legal Standard**

Title 28 U.S.C. § 1404(a) provides that "for the convenience of the parties and witnesses, and the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." The standard for transfer under § 1404(a) gives broad discretion to the trial court, and a trial court's decision will be overturned only for abuse of discretion. *Mason v. SmithKline Beecham Clinical Labs.*, 146 F. Supp. 2d 1355, 1358 (S.D. Fla. 2001) (c*iting Brown v. Ct. Gen. Life Ins. Co.*, 934 F.2d 1193, 1197 (11th Cir. 1991)).

The question of whether to transfer venue involves a two-pronged inquiry. *Mason*, 146 F. Supp. 2d at 1359. The first prong holds that the alternative venue "must be one in which the action could have originally been brought by the plaintiff." *Id*. The second prong requires Courts to "balance private and public factors" to determine whether or not transfer is justified. *Id*. "Defendants moving for transfer have a heightened burden as they must prove with particularity the inconvenience caused by the plaintiff's choice of forum." *Mason*, 146 F. Supp. At 1359 (citation omitted). Consequently, transfer will only be granted where the balance of convenience of the parties "strongly favors" the defendant. *Id*. (*citing Robinson v. Giarmarco & Bill. P.C.*, 74 F.3d 253, 260 (11th Cir. 1996)).

II.   **Analysis**

Title 28 U.S.C. § 1338(a) grants district courts original jurisdiction "of any civil action arising under any Act of Congress relating to patents." In such actions, venue is proper "in the judicial district where the defendant resides, or where the defendant has

committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). Oncura's principal place of business is in Arlington Heights, Illinois. Thus, Plaintiff could have filed the instant civil action in the Northern District of Illinois, and therefore transfer is permissible—provided that transfer is justified as evinced by an analysis of public and private factors.

In *Manuel v. Convergys Corp.*, 430 F.3d 1132 (11th Cir. 2005), the Eleventh Circuit listed a number of public and private factors relevant to determine whether or not transfer is justified under § 1404(a). These factors include:(1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances. *Id*. at 1135 n.1.

### A. Convenience of the Witnesses

Oncura has only one employee in Florida, a marketing person in the Middle District (Doc. 63, Attach. 1, ¶ 8). There are approximately 200 Oncura employees in Illinois, of which approximately 100 work on the product in dispute. *Id*. at ¶ 4. Those witnesses employed by Oncura are those most likely to have relevant information about the development and production of the patented product. *Id*. at ¶6-7. This factor weighs heavily towards transferring this case.

### B. Location of Documents

In patent infringement cases "the bulk of relevant evidence usually comes from the accused infringer." *In re Genentech, Inc.,* 566 F. 3d 1338, 1345 (Fed. Cir. 2009). "Consequently, the place where defendant's documents are kept weighs in favor of transfer to that location." *Id.* Oncura represents that the majority of its relevant documents are located in Illinois. Plaintiffs state that many of its relevant documents are located in the Northern District of Florida. Because of the ease by which documents can be scanned and made available through electronic discovery, this factor is slightly in favor of transfer.

### C. Convenience of the parties

It is undisputed that Illinois will be most convenient for the Defendant. Plaintiffs do not reside in Florida. Plaintiffs' only connection to Florida is that the allegedly infringing product was sold in Florida. Panama City Florida is certainly more remote than Chicago and in my experience it is more costly and time consuming to travel here. There are no direct flights between Panama City and Chicago or the Northeast. This factor weighs in favor of transfer.

### D. Locus of the Operative Facts

In patent cases, the preferred forum is the defendant's place of business because that usually constitutes the "center of gravity of the alleged patent infringement." *Suomen Colorize Oy v. DISH Network, LLC*, 801 F. Supp. 2d 1334, 1338 (M.D. Fla. 2011). With only one employee in Florida, it is difficult to see how the operative facts in this case can be located here. While the infringing product may have been sold within

this district, the research, design, and manufacture occurred elsewhere. This factor weighs in favor of transfer.

### E. Compulsory Process

Plaintiff has not identified any non-party witnesses in the Northern District of Florida or within 100 miles of this courthouse. Defendant, on the other hand, has identified several witnesses which would be subject to compulsory process within the Northern District of Illinois. This factor weighs in favor of transfer.

### F. Plaintiff's Choice of Forum

"The plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations.'" *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996) (*quoting Howell v. Tanner*, 650 F.2d 610, 616 (5th Cir. Unit B 1981)). This factor obviously weighs greatly to plaintiff.

### G. Other factors which I consider neutral.

Because there is no indication that Florida would be a less costly forum for either party, the relative means of the parties is a neutral factor. Similarly, a transfer at this early stage of the case to another Federal District Court has little bearing on the efficiency of the judicial process or the competency of the other forum.

Considering the totality of the factors, I find that Defendant Oncura has met its burden to establish that the Northern District of Illinois is the most appropriate forum for this litigation.

**IT IS ORDERED:**

1. Defendant Oncura, Inc.'s Motion to Sever and Transfer Venue (Doc. 63) is **GRANTED**.

2. The Clerk is directed to transfer case 4:12cv170/RS-CAS to the Northern District of Illinois.

**ORDERED** April 13, 2012.

/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**